William C. Dresser #104375
Richard Swenson #221586
Law Offices of William C. Dresser
4 North Second Street, Suite 1230
San Jose, CA 95113-1307
Tel: 408\279-7529
Fax: 408\298-3306

Attorneys for Creditor
Saeed Fazeli, and as trustee for the
Fazeli Irrevocable Trust dated October 1979 and
the Fazeli Irrevocable Trust dated September 2003

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re: Michael J. Schneider,<br>Debtor<br>_____________________________/ | No: 06-50441<br>Chapter 7<br>Previous chapter 11<br>(consolidated with 06-50441) |
| Saeed Fazeli,<br>Plaintiff,<br>vs.<br>Michael J. Schneider,<br>Defendant.<br>_____________________________/ | A.P. No.<br><br>Adversarial Complaint for Non-dischargeability under sections 523a(2)(a), (4), (6), and (7) of title 11 of the United States Code and 3613 of Title 18 of the United States Code<br><br>Demand for Trial by Jury |

Plaintiff Saeed Fazeli for its Complaint against Defendant Michael J. Schneider alleges as follows:

**PARTY ALLEGATIONS**

1. Plaintiff Saeed Fazeli (hereinafter "Fazeli") is an individual residing in Santa Clara County in the State of California and is a Creditor to the Bankruptcy Estate of Michael J. Schneider. He is and at all times mentioned herein was the trustee for the Fazeli Irrevocable Trust dated October 1979 (children's trust) and the Fazeli Irrevocable Trust dated September 2003 (grandchildren's trust).

2. Defendant Michael J. Schneider (hereinafter "Schneider") is a competent natural person who at all relevant times mentioned herein was a resident of the County of Santa Clara, in the State of California. Schneider is now incarcerated at High Desert State Prison, in Susanville, California under the California Department of Corrections

**JURISDICTION, VENUE, AND STANDING**

3. A involuntary petition under Chapter 11 of the Bankruptcy Code was filed on March 24, 2006 by claimants and petitioning creditors Aspromonte Investments, LLC, Aspromonte Enterprises, Inc., and Mark Aspromonte alleging insolvency by Debtor Michael J. Schneider. The petition proceeding was converted to a Chapter 7 proceeding on December 31, 2007. The petition was consolidated with an involuntary bankruptcy petition proceeding 06-50442 that was also filed on March 24, 2006 by claimants and petitioning creditors Aspromonte alleging insolvency by Debtor California Plan, Inc.

4. This is an adversary proceeding pursuant to Federal Rules of Bankruptcy Procedure 7001 (4) and 7001 (6), and a core proceeding pursuant to 28 U.S.C. Section 157(b). This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Sections 151, 157(b), and 1334, and Rules 3003-1 and 5011-1 of the Bankruptcy Local Rules for the Northern District of California.

5. Venue is proper in this District pursuant to 28 U.S.C. Section 1409.

6. This is an action to determine that claims held by Claimant Saeed Fazeli individually and as trustee against Debtor Michael J. Schneider are non-dischargeable pursuant to the provisions of sections 523a(2)(a), (4), (6), and (7) of title 11 of the United States Code and 3613 of Title 18 of the United States Code.

7. The Plaintiff has standing to assert the claims herein, and to recover the damages and other relief sought in this Complaint as Creditor pursuant to 11 U.S.C. Section 523 and related provisions.

**FACTUAL ALLEGATIONS**

8. Debtor Schneider has been convicted of multiple counts of fraud against



Case: 09-05109 Doc# 1 Filed: 04/27/09 Entered: 04/27/09 13:20:33 Page 2 of 10

unsecured creditors, including Plaintiff Fazeli, as set forth in Santa Clara Superior Court docket 627877. An appeal of the judgment of conviction has been filed on February 21, 2008 in the Sixth Appellate District Court of the State of California proceeding entitled "The People v. Schneider", Case Number H032628. That appeal is still pending.

9. This case arises out of the financial collapse of a "Ponzi" scheme perpetrated by Michael J. Schneider (hereinafter "Schneider"). Schneider used the corporate entity, California Plan, Inc., with offices in San Jose, California and Sacramento, California, to perpetrate a complex scheme of fraud and deception on investors he solicited to allegedly invest funds and make loans to third parties. Many, if not most of his victims were senior citizens. This includes Plaintiff Saeed Fazeli.

10. Schneider and California Plan, Inc. attracted investors by paying them interest rates of 10% or more on their money. California Plan, Inc. used investor funds, allegedly, to make mortgage loans secured, primarily, by single-family homes. The scheme worked like this: Schneider's corporate entity, California Plan, Inc., would solicit investors to finance residential loans, many in the Bay Area. Schneider represented to his victims that he would invest their money in mortgage loans secured by real property in exchange for collecting fees for services rendered. The investors were to receive "interest payments" from the borrower until such time as the principal was paid in full when their investment was to be returned.

11. Schneider's entity, California Plan, Inc., was given the reputation as and was known in the mortgage industry as a "hard money lender," arranging loans between private investors and private borrowers. Often the borrowers are unable to obtain credit from an institutional lender such as a bank because of adverse credit ratings or because the property securing the loan is unusual or high-risk. Hard money lenders such as California Plan, Inc. charge higher rates of interest than institutional lenders to compensate for the risks.

12. Plaintiff is informed and believes and thereon alleges that Schneider



Case: 09-05109 Doc# 1 Filed: 04/27/09 Entered: 04/27/09 13:20:33 Page 3 of 10

marketed California Plan, Inc.'s mortgages by making similar representations to all of its bilked investors: that the money would be invested in above-market rate mortgages secured by California residential real property; that in exchange for their investments, the investor would receive a promissory note secured by a deed of trust against the real property, including second deeds of trust; that the loans would be issued to legitimate qualified homeowner/borrowers who received adequate regular income to service the loans; and that the borrowers had substantial equity in the secured real property sufficient to protect the lender's interest.

13. The reality was that Schneider used a complicated array of fraudulent loans, non-existent loans, non-existent deeds of trust, fraudulent deeds of trust, and non-existent security to fuel a "Ponzi" or pyramid scheme which offered oftentimes no real investment value to its victims.

14. Schneider operated his classic "Ponzi" scheme through several different scams. In one scenario, a legitimate loan was made to a legitimate borrower who signed a promissory note and a deed of trust securing the loan by residential property owned by the borrower. The borrower made "interest payments" until such time as they sold the property and/or refinanced. Schneider actually recorded a deed of trust in favor of the lender against the property securing the loan. When the property was sold and/or refinanced, usually through an escrow company who had cooperated with Schneider, instead of paying off the lender, California Plan, Inc. and Schneider, with the collusion and knowledge of the escrow company, instructed the escrow company to pay the loan proceeds directly to California Plan, Inc. and thus to Schneider instead of the lender/victim. To keep the investor from discovering its fraudulent acts, Schneider would send monthly loan payments to the investor as if the loan was still active and valid. These "interest payments" were made not from the third party borrower, however, but rather from Schneider and California Plan, Inc. using fresh capital raised by selling more investment loans to similarly defrauded newcomer investors.

15. Schneider used a second scam to camouflage the fact that lenders' monies were not being placed into good loans secured by deeds of trust. In this scenario, no legitimate borrower existed. Instead, Schneider would provide the lender with a phony promissory note and a phony deed of trust allegedly secured by residential property. He created these phony documents using devices such as forged signatures, signatures cut and pasted from other instruments, phony recording stamps, and other contrivances to convince the investor they had a legitimate secured interest recorded against real property. These investors, like the other victims, would be paid by "interest" payments not from the non-existent third party borrower, but rather from new capital raised by Schneider and California Plan, Inc..

16. In a third scenario, investors loaned money to non-existent borrowers and were conned into allowing Schneider and California Plan, Inc. to retain the promissory note and deed of trust which would have documented their loan. Instead, they were simply provided with a document stating they had an investment. Under this scam, Schneider and California Plan, Inc. did not even bother to invent phony documentation.

17. These actions and representations were utterly and completely false. The information and documentation provided was not accurate. Schneider did not intend to invest the money into secured real estate that Plaintiff herein would receive a secured interest securing a loan .

18. The actions and representations by Defendant Schneider were false. Defendant Schneider knew at the time that he made the false representations and intentionally concealed material information that they were false.

19. Defendant Schneider has and at the time of the fraudulent representations and concealment had experience in real estate and in loans, as well as in insurance.

20. The inaccurate information was submitted by the Defendant and the promises were made by the Defendant with the direct, legal, proximate and reasonably anticipated result of deceiving Plaintiff Fazeli into advancing money as though for legitimate loans

which when paid off would be paid to Mr. Fazeli.

21. Plaintiff reasonably relied on these representations. The information presented appeared accurate on their face.

22. The material misrepresentation by the Defendant resulted in the reasonable reliance upon the part of Plaintiff Fazeli who expended time and expenses to seek loans, and who entered into loan agreements. Plaintiff, in fact, did rely upon Defendant's misrepresentations and failure to disclose material facts.

23. The money was given by Plaintiff to Defendant Schneider for purported loans based on these inaccurate representations and concealment of material facts, all for the benefit of Defendant Schneider including to provide cash to Schneider dba California Plan, Inc.

24. Plaintiff owned, possessed and had the right to possess the funds that were disbursed to Defendant Schneider in connection with the Ponzi scheme.

25. Defendant Schneider took possession of these funds and has prevented Plaintiff from possession or access to this personal property. Defendant Schneider obtained possession by virtue of his misrepresentations and concealment.

26. Plaintiff Fazeli has sustained damage and loss of personal property consisting of the principal purportedly invested in the loans for which Schneider received the pay offs and for which Schneider never gave a secured interest to Plaintiff Saeed Fazeli. The amount of these damages and losses exceed $6,000,000.00. Plaintiff also sustained losses in the loss of the use of money, lost interest, incurred fees and costs, as well as reasonably anticipated additional legal costs and expenses incurred in seeking recovery of Plaintiff's losses.

27. The actions of Defendant Schneider, including in the use of written statements containing materially false representations, constitute actual fraud in that Schneider had fraudulent intent in taking creditor Fazeli's property.

28. The actions of Schneider constitute the commission of a crime. They



Case: 09-05109 Doc# 1 Filed: 04/27/09 Entered: 04/27/09 13:20:33 Page 6 of 10

committing the illegal act of making a false statement or report and of overvaluing land for the purpose of influencing Fazeli in violation of the provisions of Title 18 United States Code, Section 1014.

29. The actions of Schneider constitute larceny in that they caused the taking and conversion of money from Plaintiff Fazeli.

30. Debtor Schneider thus obtained money by written statements that were:

materially false;

respecting the debtor's and debtor's agent's financial condition;

on which creditor Plaintiff reasonably relied; and

ones that the debtor caused to be made or published with the intent to deceive, thereby proximately and legally causing damage and loss to Plaintiff. Plaintiff had collections remedies that it had forgone based on the false representations by Defendant Schneider of an intent to perform. See In re Siriani (9th Cir. 1992) 967 F2d 302, 306; In re Campbell (6th Cir. 1998) 159 F3d 963, 966-967.

31. Schneider caused "willful injury" because the Debtor Schneider had a subjective motive to inflict the injury and because Debtor Schneider believed the injury was substantially certain to occur as a result of his conduct. In re Jercich (9th Cir. 2001) 238 F3d 1202, 1208; In re Su, 290 F3d at 1144.

32. Schneider caused a "malicious injury" under § 523(a)(6) because he committed wrongful acts, done intentionally, that necessarily caused injury, and were committed without just cause or excuse.

33. The actions of the Defendant Schneider were made in conscious disregard of the rights of Plaintiff Fazeli. Plaintiff Fazeli is thus entitled to recovery of exemplary damages to punish and make an example of Defendant Schneider.

34. Plaintiff is entitled to the value of the attorneys fees incurred prior to commencing any action which had as its purpose obtaining recovery of the money obtained by fraud and larceny as recoverable damages including as set forth in Cohen v.



Case: 09-05109 Doc# 1 Filed: 04/27/09 Entered: 04/27/09 13:20:33 Page 7 of 10

de la Cruz, 523 U.S. 213, 223, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998).

35. Plaintiff should be awarded and the court determine the debt to be non-dischargeable, for the full value of the Plaintiff's initial and subsequent losses caused by Debtor Schneider's fraudulent, larcenous, wilful and malicious conduct involving false written statements. This includes attorney fees which were incurred and ordered in connection with a nondischargeable judgment debt, economic damages and exemplary damages.

36. Plaintiff seeks relief pursuant to 11 U.S.C. sections 523(a) (7) and (a) (19) (B) (i) and 18 U.S.C. section 3613 of the restitution judgment issued against Debtor Schneider in a State judicial proceeding of an obligation which is non-dischargeable.

37. Defendant Schneider's obligations to Plaintiff are debts for:

money obtained by fraud or falsehood. 11 USC § 523(a)(2)(A);

money obtained through a false financial statement. 11 USC § 523(a)(2)(B);

larceny. 11 USC § 523(a)(4);

fraud or defalcation while acting in a fiduciary capacity. 11 USC § 523(a)(4); and

willful and malicious injury. 11 USC § 523(a)(6).

38. This adversarial complaint is timely filed within the scope of the tolling based on the criminal charges pending against Debtor Schneider and the scope of the provisions of the August 14, 2006 filed Stipulation Extending Time to File Nondischargeability Action in favor of Saeed Fazeli until 120 days after counsel for the debtor notifies counsel for Fazeli in writing that a conviction, acquittal or dismissal has been achieved.

39. Plaintiff therefore requests that this Court find that Debtor Schneider is not entitled to a discharge in this case of his debts to Plaintiff Fazeli.

40. Plaintiff therefore also requests that this Court

**PRAYER FOR RELIEF**

I. Plaintiff requests a determination under section 523 (c)(1) of Title 11 of the

United States Code:

A. of the non-dischargeability under 11 USC § 523 (a) (2) (A) of the entirety of the claims of Saeed Fazeli against Michael Schneider on the grounds that they constitute claims for money received by Debtor Defendant Schneider obtained by false pretenses, false representations, and actual fraud;

B. of the non-dischargeability under 11 USC § 523 (a) (2) (B) of the entirety of the claims of Saeed Fazeli against Michael Schneider on the grounds that they constitute claims for money received by Debtor Defendant Schneider obtained by use of a statement in writing that is materially false; respecting the debtor's or an insider's financial condition; on which Saeed Fazeli relied; and that Debtor Defendant Schneider caused to be made or published with intent to deceive;

C. of the non-dischargeability under 11 USC § 523 (a) (4) of the entirety of the claims of Saeed Fazeli against Michael Schneider on the grounds that they constitute claims for money received by Debtor Defendant Schneider based on larceny; and

D. of the non-dischargeability under 11 USC § 523 (a) (4) of the entirety of the claims of Saeed Fazeli against Michael Schneider on the grounds that they constitute claims for money received by Debtor Defendant Schneider based on fraud or defalcation while acting in a fiduciary capacity. 11 USC § 523(a)(4); and

E. of the non-dischargeability under 11 USC § 523 (a) (6) of the entirety of the claims of Saeed Fazeli against Michael Schneider on the grounds that they constitute claims for money received by Debtor Defendant Schneider based on willful and malicious injury by the debtor.

II. Plaintiff seeks a determination including in accordance with section 524 of Title 11 of the United States Code that Defendant Schneider shall not be discharged of his debts including to Plaintiff herein.

III. Plaintiff seeks recovery of compensatory, consequential, special, and general damages as well as punitive damages, as well as costs and attorney's fees herein.

IV. Plaintiff seeks relief from the automatic stay imposed by the filing of the petition in his case so that Plaintiff Fazeli may pursue collection his claims individually and as trustee.

V. Plaintiff seeks such other and further relief as is just and equitable.

Dated: April 27, 2009

William C. Dresser
Attorneys for Creditor and Plaintiff
Saeed Fazeli

Fazeli\Pld\Bankrupt\Adversar\Complain.427



Case: 09-05109 Doc# 1 Filed: 04/27/09 Entered: 04/27/09 13:20:33 Page 10 of 10